Argued and submitted April 26, 1989, sentences to pay restitution and victim's assistance fees vacated; order to pay interest on unpaid restitution vacated; remanded with instructions March 21, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM JAMES VASBY,
*Appellant.*

(10 88 02897 & 10 88 03662; CA A49417 (Control) & A49418)
(Cases Consolidated)

788 P2d 1024

Mary M. Reese, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

## RICHARDSON, P. J.

In this consolidated appeal, defendant appeals from his convictions for burglary in the second degree, ORS 164.215, and theft in the first degree. ORS 164.045. He contends that the court erred in both sentencing him and placing him on probation. We vacate the sentences and remand.

Defendant was charged in two indictments with various offenses. He pled guilty to burglary in the second degree alleged in the first indictment. In the written "Order of Probation," the court said:

> "IT IS HEREBY ORDERED AND ADJUDGED that the defendant is sentenced to pay restitution herein in the sum of $17,509.50, plus a Victim Assistance Assessment in the sum of $50.00."

Although denominated "Order of Probation," this part of the dispositional document imposed a sentence to pay restitution and the assessment. The order then provided:

> "IT IS FURTHER ORDERED AND ADJUDGED that imposition of *further* sentence is suspended, and the defendant is placed on probation * * *." (Emphasis supplied.)

Execution of the sentence imposed in the first paragraph of the order was not suspended; only "*imposition* of *further* sentence" was suspended. (Emphasis supplied.) The "sentence" to pay restitution and the assessment would have to be executed if the sentence remains. As a condition of probation imposed by the second paragraph, defendant was to pay restitution. Consequently, the court imposed a sentence, execution of which was not suspended and, in addition, suspended imposition of any further sentence and placed defendant on probation. The dispositional order regarding the second indictment is similar: The court also required, as part of the "sentence" to pay restitution, that any unpaid balance due at the end of the probationary period would draw interest at nine percent until paid.

Defendant contends that the court exceeded its statutory authority by simultaneously imposing a sentence and

placing him on probation.[1] He does not dispute the court's authority to require restitution, ORS 137.106, or payment of the victim's assistance fee. ORS 137.290. He contends that the court could not impose these requirements as part of a sentence and, by suspending execution of the sentence, place him on probation.

The state does not directly dispute defendant's contention, but instead argues that neither monetary obligation is a sentence under *former* ORS 137.010(5):

> "When a person is convicted of an offense and the court does not suspend imposition or execution of sentence or when a suspended sentence or probation is revoked, the court shall impose the following sentence:
>
> "(a)  A term of imprisonment; or
>
> "(b)  A fine; or
>
> "(c)  Both imprisonment and a fine; or
>
> "(d)  Discharge of the defendant."

The state concludes that, because restitution and monetary assessments are not listed, their imposition is not a sentence.

*Former* ORS 137.010(5) is not, however, the exclusive authority for a sentence. When ordered, restitution may be part of a sentence. ORS 137.106(1); *State v. Bonner,* 307 Or 598, 601, 771 P2d 272 (1989); *State v. Zimmerman,* 37 Or App 163, 166, 586 P2d 377 (1978). The trial court clearly intended that the monetary obligations be a sentence.

We recognize that probation is not a sentence. *State v. Carmickle,* 307 Or 1, 7, 762 P2d 290 (1988); *State v. Gaither,* 97 Or App 576, 578, 776 P2d 595 (1989). A court has authority to place a defendant on probation pursuant to ORS 137.010(3), which provides, in pertinent part:

> "*If the court suspends the imposition or execution of sentence,* the court may also place the defendant on probation for

---

[1] The state initially argues that we should not review this contention or defendant's remaining assignment of error, which challenges the requirement that he pay restitution as a condition of probation, because he did not raise objections below. We agree that defendant's numerous challenges to the condition of probation should not be reviewed. However, his challenge to the court's sentencing authority is reviewable, despite the absence of an objection below. *State v. Braughton,* 28 Or App 891, 893, n 2, 561 P2d 1040 (1977).

a definite or indefinite period of not more than five years."
(Emphasis supplied.)

We conclude from that provision that probation is an alternative to sentencing a convicted defendant. In other words, the authority to order probation is conditioned on the suspension of imposition or execution of any sentence. *State v. Emmich,* 34 Or App 945, 947-48, 580 P2d 570 (1978). The court therefore lacked authority to order probation and, additionally, to impose a sentence.

Because the orders are designated, and appear to be, orders of probation, we vacate the inconsistent sentences. We also vacate the requirement that defendant pay interest, because that requirement is based on the sentence to pay restitution.

Sentences to pay restitution and victim's assistance fees vacated; order to pay interest on unpaid restitution vacated; remanded with instructions to enter judgment not inconsistent with this opinion.