Argued and submitted July 27, sentence vacated; remanded for reconsideration December 26, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## BRENT M. NIEDERMARK,
*Appellant.*

(C8704-31828; CA A62668)

803 P2d 282

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warren and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals an order continuing probation and challenges the sentence imposed after the court found that he had violated certain conditions of his probation. He contends that the court did not have authority to continue his probation and also execute a sentence previously imposed. We remand for resentencing.

After a conviction for intimidation in the first degree, a Class C felony, ORS 166.165, the court sentenced defendant to six months in jail, suspended *execution* of the sentence and placed him on five years' probation. Later, defendant stipulated that he had violated certain conditions of probation. The court entered a written "order continuing probation," which said that defendant's probation was continued and "[t]he 6 months sentence previously suspended shall now be executed."

■       Defendant argues, and the state agrees, that the court cannot impose a sentence of incarceration and also place the person on probation unless execution of the sentence is suspended. *State v. Vasby,* 101 Or App 1, 788 P2d 1024 (1990). Likewise, the court cannot execute a sentence of incarceration previously suspended and place a defendant on probation or continue probation.

■       The state argues, however, that the court has authority to continue probation, ORS 137.550(1)(a), and impose incarceration in the county jail as a condition of the continued probation. ORS 137.540(6). It contends that the oral pronouncements of the court as well as the general character of the dispositional order show that the incarceration was intended to be a condition of probation and not execution of a sentence.

The difficulty with the state's formulation is that the court, consistently during its oral pronouncements and in the written order, said that the previously imposed sentence was to be executed. The order is internally inconsistent to the point that it cannot stand. There is, as the state argues, evidence that the court intended to continue defendant's probation, but there is also evidence that the court intended to execute the sentence. Because of the inconsistency, we vacate

the sentence and remand for reconsideration of the disposition.

Sentence vacated; remanded for reconsideration.