Argued and submitted December 7, 1990, conviction affirmed; remanded for resentencing January 9, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## JEFFREY WOLD,
*Appellant.*

(CR0-0156-BH; CA A64509)

803 P2d 782

Thomas J. Crabtree, Bend, argued the cause for appellant. With him on the brief was Crabtree & Rahmsdorff, Defense Services, Inc., Bend.

Richard Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant entered a plea of guilty of assault in the fourth degree, a misdemeanor. ORS 163.160(1)(a). He was charged by information with having committed the assault on January 7, 1990. He seeks modification of the two-day jail sentence that he received as a condition of probation. We remand for resentencing.

Defendant argues that the trial court exceeded its statutory authority in imposing the condition of probation because, after the 1989 amendments to ORS 137.540(2), the only offenses committed on or after November 1, 1989, for which jail may be imposed are felonies. Or Laws 1989, ch 790, § 16. ORS 137.540(2) now provides:

"In addition to the general conditions, the court may impose *special* conditions of probation * * * *including, but not limited to,* that the probationer shall: * * *

"(a)   For *crimes* committed *prior to November 1, 1989,* be confined to the county jail * * *.

"(b)   For *felonies* committed *on or after November 1, 1989,* be confined in the county jail * * *." (Emphasis supplied.)

The state argues that, although the statute expressly provides for jail time for felonies committed on or after November 1, 1989, it does not exclude jail time for misdemeanors. It contends that special probation conditions are not limited to those expressed in the statute and, therefore, a trial court may still impose jail time for misdemeanors as a special probation condition.

The 1989 Legislature amended ORS 137.540(2) to exclude misdemeanors as a category of crimes for which jail time can be imposed as a condition of probation. Although the statute allows special conditions "including, but not limited to" those enumerated, that language only allows a court to impose conditions that are not already addressed in the statute. *See State v. Schwab,* 95 Or App 593, 597, 771 P2d 277 (1989). A condition is addressed if the statute either expressly includes or excludes it. If the legislature wanted all categories of crimes to remain subject to a possible jail time condition of probation, it would have expressly so provided or would not have amended the statute at all. We are not at liberty to rewrite a statute to fill perceived legislative omissions. ORS

174.010; *Portland Adventist Medical Center v. Sheffield,* 303 Or 197, 200, 735 P2d 371 (1987). Accordingly, the condition of probation relating to jail confinement must be vacated.

Conviction affirmed; remanded for resentencing.