Argued and submitted February 27, convictions affirmed; condition of probation that defendant serve 180 days in jail on counts 16 and 17 vacated and remanded for resentencing April 3, 1991

STATE OF OREGON,
*Respondent,*

*v.*

THOMAS W. ARMSTRONG,
*Appellant.*

(DA 145739; CA A65488)

808 P2d 109

Mary M. Reese, Salem, argued the cause for appellant. With her on the brief were Sally L. Avera, Public Defender, and Henry M. Silberblatt, Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

■     Defendant was convicted of two counts of harassment, ORS 166.065, and two counts of sexual abuse. ORS 163.415. Both offenses are misdemeanors. The district court merged counts 16 (sexual abuse) and 17 (harassment) for sentencing, suspended imposition of sentence and imposed five years' probation. One special condition of probation was that defendant serve 180 days in jail consecutive to the 180 days imposed on the other two counts, which were also merged for sentencing.[1] We write only to address the appropriateness of the imposition of the jail time as a condition of probation.

■     On appeal, defendant correctly argues that a district court may not impose jail time as a special condition of probation for misdemeanors committed on or after November 1, 1989. *State v. Wold,* 105 Or App 158, 803 P2d 782 (1991). ORS 137.540(2), *as amended by* Or Laws 1989, ch 790, § 16, does not authorize a district court to do that. The offenses charged in counts 16 and 17 were committed between November 15, 1989 and December 15, 1989, *after* the effective date of the amendment to ORS 137.540(2). Therefore, the district court exceeded its statutory authority.

Convictions affirmed; condition of probation that defendant serve 180 days in jail on counts 16 and 17 vacated and remanded for resentencing.

---

[1] Defendant appears to argue that, under *State v. Vasby,* 101 Or App 1, 788 P2d 1024 (1990), the court exceeded its authority by simultaneously sentencing him and placing him on probation for the same crime. That argument is without merit, because the court imposed a sentence for one crime involving one victim and suspended imposition of sentence and placed defendant on probation for a *separate* crime, involving a second victim. The court was authorized to do that.