Argued and submitted August 29, conviction affirmed; sentence vacated and remanded for resentencing November 13, 1991

# STATE OF OREGON,
*Respondent,*

*v.*

# LAWRENCE LEE OARY,
*Appellant.*

(900126; CA A67230)

820 P2d 857

Guy B. Greco, Newport, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant challenges the sentence of imprisonment that he received after his conviction for DUII, a class A misdemeanor. ORS 813.010. We remand for resentencing.

■    The trial court sentenced defendant to 90 days in jail, with 82 days suspended. However, the court also suspended imposition of sentence, placed defendant on three years' probation and, as a condition of probation, sentenced him to 90 days in jail, with 82 days suspended. The state concedes that the sentence is ambiguous, because a court cannot simultaneously impose a sentence and suspend imposition of sentence. *State v. Vasby,* 101 Or App 1, 788 P2d 1024 (1990). We accept that concession and hold that the trial court erred in imposing the ambiguous sentence.

■    Defendant also argues that his sentence of jail time exceeds the maximum allowable by law, because ORS 137.540 does not provide for incarceration as a condition of probation for misdemeanors committed on or after November 1, 1989.[1] *State v. Wold,* 105 Or App 158, 160-61, 803 P2d 782 (1991). However, the state argues that the *Wold* rule does not apply to convictions for DUII, because ORS 813.020 provides the exclusive penalties for that offense.

ORS 813.020(2) provides, in part:

> "The court *must impose and not suspend execution of a sentence* requiring the person either to serve at least 48 hours' *imprisonment* which shall be served consecutively unless justice requires otherwise or to perform community service for times specified by the court under ORS 137.129." (Emphasis supplied.)

As we noted in *Wold,* the legislature amended ORS 137.540 in 1989 to remove jail time as a possible condition of probation for misdemeanors. However, although it amended ORS 813.020 at the same time, it did not alter or remove the provision in the latter statute authorizing the trial court to impose a sentence of imprisonment for a misdemeanor DUII conviction. *See* Or Laws 1989, ch 576, § 5. In *Wold,* we explained that a trial court can only impose additional conditions of probation that are not excluded by ORS 137.540.

---

[1] Defendant was charged with having committed the DUII on January 11, 1990.

However, ORS 137.540 does not prohibit conditions that are expressly authorized by other statutes. Statutes on the same subject must be read, whenever possible, to be consistent with each other. ORS 174.010. Because the legislature had the chance to excise the special penalty provision in ORS 813.020, but chose not to, we hold that ORS 137.540 does not apply to misdemeanor DUII convictions.

■　However, what both parties have missed is that ORS 813.020 does not authorize probation. The statute provides that the trial court *"must impose and not suspend execution of* a sentence" of imprisonment or community service on a conviction for DUII. (Emphasis supplied.) Accordingly, we hold that the trial court erred in suspending imposition of sentence and placing defendant on probation.[2]

Conviction affirmed; sentence vacated and remanded for resentencing.

---

[2] Defendant's other assignments of error were withdrawn at oral argument.