Argued and submitted July 24, 1991, convictions affirmed; remanded for resentencing January 8, 1992

STATE OF OREGON,
*Respondent,*

*v.*

ROGER D. McMELLON,
*Appellant.*

(90-5015; CA A64813)

823 P2d 996

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

### JOSEPH, C. J.

Defendant was convicted of two misdemeanors, recklessly endangering another person, ORS 163.195, and assault in the fourth degree. ORS 163.160. The trial court suspended imposition of sentence on both convictions and placed him on probation for 4 years. The terms of probation required defendant to submit to searches and seizures by a probation officer without limitation. The court also imposed a 180-day jail term for both convictions and suspended execution of it on the recklessly endangering charge entirely and of all but 15 days, with credit for 8 days served, on the assault charge. It also ordered defendant to pay a $1,000 fine on the assault charge but suspended $800 of it.

■   Defendant asserts that the trial court exceeded its statutory authority by sentencing him *and* at the same time placing him on probation. Although he did not preserve the error below, we have authority to review the issue. *State v. Vasby*, 101 Or App 1, 4 n 1, 788 P2d 1024 (1990); *State v. Braughton*, 28 Or App 891, 893-94 n 2, 561 P2d 1040 (1977).

Defendant is correct. ORS 137.010(7) provides:

"When a person is convicted of an offense *and the court does not suspend the imposition or execution of sentence* or when a suspended sentence or probation is revoked, the court shall impose the following sentence:

"(a)   A term of imprisonment;

"(b)   A fine;

"(c)   Both imprisonment and a fine; or

"(d)   Discharge of the defendant." (Emphasis supplied.)

At the time of his convictions, probation was not a sentence. *State v. Carmickle*, 307 Or 1, 7, 762 P2d 290 (1988). As we said in *State v. Vasby*, *supra*, 101 Or App at 5, "[P]robation is an *alternative* to sentencing a convicted defendant. In other words, *the authority to order probation is conditioned on the suspension of imposition or execution of any sentence.*" (Emphasis supplied.) The trial court acted correctly when it suspended all jail time and imposed only probation on the recklessly endangering charge, but it erred by imposing 15 days' jail time *and* probation on the assault charge.

■    Defendant contends that the trial court could not require him to submit to a search and seizure by a probation officer without probable cause.[1] The state concedes, and we agree, that that was error. *State v. Schwab*, 95 Or App 593, 596-97, 771 P2d 277 (1988).

Convictions affirmed; remanded for resentencing.

---

[1] The state argues that defendant waived his right to raise this issue by failing to object at trial. In *State v. Vasby*, 101 Or App 1, 788 P2d 1024 (1990), we held that the defendant's failure to preserve objections to probation conditions at trial was a waiver. In this case, however, the issue involves a fundamental error that is plain on the face of the record.