On state's petition for reconsideration filed January 15, reconsideration allowed; former opinion (109 Or App 580, 820 P2d 857) modified and adhered to as modified April 8, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## LAWRENCE LEE OARY,
*Appellant.*

(900126; CA A67230)

829 P2d 90

No appearance *contra.*

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem, for petition.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state seeks review of *State v. Oary*, 109 Or App 580, 820 P2d 857 (1991), which addressed the availability of jail time as a condition of probation in DUII cases. We allow reconsideration, ORAP 9.15, modify our opinion and adhere to it as modified.

Defendant was convicted of DUII in October, 1990. The court sentenced him to 90 days in jail with 82 days suspended.[1] It also suspended imposition of sentence, placed him on three years' probation and, as a condition of probation, sentenced him to 90 days in jail, with 82 days suspended. The state concedes that, because the court could not both impose a sentence *and* suspend imposition of sentence, the sentence is ambiguous. We accepted the concession and remanded the case for resentencing. We adhere to that holding.

Defendant also argued that jail time, imposed as a condition of probation, was precluded by *State v. Wold*, 105 Or App 158, 160, 803 P2d 782 (1991).[2] However, his reliance on *Wold* failed to take into account the facts that his conviction was for DUII and that the DUII statute *requires* an offender to serve at least two days in jail. ORS 813.020(2). Recognizing an exception to the general rule expressed in *Wold*, we held that, under the law then in effect, *see* n 2, *supra*, jail time is a permissible condition of probation, if it is authorized by another statute.

That holding gave rise to the question of whether, in fact, ORS 813.020 authorizes probation for a person convicted of DUII. We held that it does not. We reconsider only that issue. However, before discussing its substance, we need to address the state's contention that the issue was not raised, is not apparent on the face of the record and should not have been considered. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).

---

[1] Defendant actually served eight days.

[2] *Wold* held that, because of a 1989 amendment to ORS 137.540, jail time was no longer available as a condition of probation for misdemeanors. In response to *Wold*, the 1991 Legislature amended the statute to again allow jail time to be imposed as a condition of probation. Or Laws 1991, ch 196, § 1.

Although the trial court's imposition of probation was not specifically assigned as error by defendant, defense counsel stated at oral argument:

"It is our position * * * that since [defendant] got an 8-day jail sentence that the probationary portion of the sentence should be vacated and he basically has done the sentence."

The state's position was that jail time is an authorized condition of probation in DUII cases because of the specific provisions of ORS 813.020(2) requiring that the person serve at least 48 hours' imprisonment; it sought remand for resentencing. As an integral component of the DUII sentencing scheme, the statute and its significance were before us. We did not have the choice to ignore its language or applicability to this case. Also, in the light of the fact that the trial court had placed defendant on probation as a part of the original sentence, and because we remanded the case for resentencing, it was necessary for us to decide whether the court was authorized on remand to place him on probation. Furthermore, we generally review if, as here, the error goes to the sentencing authority of the court. *See, e.g., State v. Holder*, 108 Or App 484, 485, 814 P2d 564 (1991).

Even if we were to accept the state's position that the issue of the availability of probation was not properly raised under *Ailes*, we would still address the question now, on reconsideration. If we were writing on a clean slate, we would be at liberty to decide in our discretion whether the issue has been adequately raised on appeal. However, given our decision to reach the probation issue in our first opinion, the slate is no longer clean. We decided the issue on its merits, and we now write to correct an error.

Probation for misdemeanors is available if a trial court suspends either the imposition or execution of a sentence. ORS 137.010(4).[3] DUII is a misdemeanor. ORS 813.010(3). ORS 813.020 provides, in part:

---

[3] ORS 137.010(4) provides, in part:

"*If* the court suspends the imposition or execution of sentence for an offense other than a felony * * *, the court may also place the defendant on probation for a definite or indefinite period of not more than five years." (Emphasis supplied.)

"When a person is convicted of driving under the influence of intoxicants in violation of ORS 813.010, a court shall comply with the following in addition to any fine or other penalty imposed upon the person under ORS 813.010:

"* * * * *

"(2) *The court must impose and not suspend execution of a sentence requiring the person either to serve at least 48 hours' imprisonment* which shall be served consecutively unless justice requires otherwise *or to perform community service* for times specified by the court under ORS 137.129." (Emphasis supplied.)

Because the statute requires a trial court both to impose a sentence and not suspend its execution, which by definition eliminates the prerequisites underlying probation, we concluded that probation is not available for DUII.

Although we recognize the importance of probation as a significant sentencing tool,[4] we cannot ignore what appears to be a specific legislative mandate to trial courts. However, as the state points out, we also cannot disregard ORS 813.020(1), which adds another dimension to the penalty provisions of the DUII statute. It requires that courts impose the special DUII penalties listed in that section — fines, fees, evaluation, completion of an information or treatment program and jail time or community service — "in addition to any fine or other penalty imposed upon the person under ORS 813.010." ORS 813.010 sets forth the elements of DUII, provides that a person convicted of that offense "is subject to ORS 813.020 in addition to this section" and defines DUII as a Class A misdemeanor. ORS 813.010(1), (2), (3). The maximum penalty for a Class A misdemeanor is one year in jail, a $2,500 fine or probation for up to five years.[5] ORS 161.615; ORS 161.635; ORS 137.010(3).

Thus, trial courts are presented with a legislative directive to impose the special DUII penalties of ORS 813.020

---

[4] Probation empowers the trial court, as a part of its duty to protect the public, to provide for an appropriate period of supervision over a defendant and affords the opportunity for rehabilitation and treatment of the defendant.

[5] In addition to a number of general conditions, probation may be subject to various special conditions. ORS 137.540(1), (2). For example, one special condition that may now be imposed for post-1989 misdemeanors is confinement in the county jail "for a period not to exceed one year." ORS 137.540(2)(a).

and to impose any *other* penalties that are available for misdemeanants. Therein lies the confusion. Are trial courts to follow the express language of ORS 813.020(2), which requires them to "impose and not suspend execution of a sentence" and therefore precludes the use of probation, or are they to follow the statute's "in addition to" language, which puts at their disposal *all* penalties — including probation — that are available for misdemeanor sentencing?

After examining the legislative history[6] of ORS 813.020(2) and considering the full context of ORS 813.010 and ORS 813.020, one thing is clear: The legislature has determined that, unless allowed to perform community service, an individual convicted of DUII must spend at least 48 hours in jail — whether that time is imposed as a sentence or as a condition of probation.

Therefore, we modify our decision to hold that ORS 813.020(2) does not restrict the trial court's general sentencing power or its flexibility in fashioning a sentence suitable to the individual defendant, *except that* the court must require the defendant to spend at least 48 hours in jail or perform community service.

Petition for reconsideration allowed; opinion modified and adhered to as modified.

---

[6] Throughout the debates and committee meetings that led to the enactment of ORS 813.020(2), there was no suggestion that the legislature intended to prohibit probation in DUII cases. The state contends that elimination of probation "would have been a remarkably controversial position that would have generated extensive debate." It appears that the statute's "must impose and not suspend" language related to a requirement of a federal grant: "a mandatory sentence, which shall not be subject to suspension or probation, of (i) imprisonment for not less than forty-eight consecutive hours, or (ii) not less than ten days of community service" for repeat offenders. 23 USC § 408(e)(1)(B); *see* Minutes, Senate Judiciary Committee, April 27, 1983, p 14.