Argued and submitted February 3, conviction affirmed; remanded with instructions
June 3, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# JEREMY MILES PORTER,
*Appellant.*

(90-1052; CA A68723)

832 P2d 1257

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his misdemeanor convictions for driving under the influence of intoxicants (DUII), reckless driving, attempting to elude and failure to perform the duties of a driver at the scene of an accident. ORS 813.010; ORS 811.140; ORS 811.540; ORS 811.700. The issue is whether the trial court imposed an unauthorized sentence.

Defendant's convictions stem from an incident in which he led the police on an extended high-speed car chase and two patrol vehicles were damaged. The trial court orally sentenced defendant:

(1) DUII conviction: license suspended for one year and defendant ordered to serve 48 hours in jail, receiving credit for time served before trial;

(2) Reckless driving conviction: 180 days in jail, with 90 days suspended on the condition that defendant successfully complete probation;

(3) Attempting to elude and failure to perform driver's duties convictions: imposition of sentence suspended, defendant placed on three years' probation and ordered to pay restitution of approximately $12,000.

Four separate judgments and sentencing orders were signed by the judge. However, they differed in two respects from the oral sentences: a three-year probationary term was ordered on each of the four convictions; and in each of the sentences for DUII, reckless driving and failure to perform, the court included the notation that defendant was "further ordered * * * to pay restitution as ordered in [the attempting to elude sentence]."

■ Defendant first argues that, on the DUII conviction, he could not be sentenced to 48 hours in jail as a condition of probation. That is incorrect. The two-day jail requirement for DUII offenders may be imposed either as a sentence or as a condition of probation. *State v. Oary*, 112 Or App 296, 301, 829 P2d 90 (1992).

■ The state concedes that, under *State v. Holder*, 108 Or App 484, 485, 814 P2d 564 (1991), the trial court erred in sentencing defendant to 180 days in jail *and* placing him on

three years' probation on the reckless driving conviction. *See also State v. Vasby*, 101 Or App 1, 5, 788 P2d 1024 (1990). We accept the state's concession and remand for resentencing on that conviction.

■ ■ Defendant's final argument is that restitution is impermissible in this case. He relies on *State v. Eastman/Kovach*, 292 Or 184, 189, 637 P2d 609 (1981), in which the Supreme Court held that a defendant found guilty of "hit and run" could not be ordered to pay restitution for the damage caused at the scene of the accident, because the damage was not the result of the criminal conduct for which the defendant was convicted. That is, there was no causal relationship between the accident damage and the defendant's failure to remain or render assistance. Here, restitution was ordered as part of the sentence for defendant's attempt to elude the police. As a result of the chase and defendant's efforts to turn off onto a side road, one patrol car collided with defendant's truck and another officer, in attempting to intercept defendant, lost control of his patrol car and collided with a tree stump. The trial court reasonably could have concluded that there was a causal relationship between defendant's attempt to elude the police and the damage to the patrol cars that pursued him. *See State v. Dillon*, 292 Or 172, 180-82, 637 P2d 602 (1981). The order of restitution on the conviction for attempting to elude was permissible to recover the pecuniary damages that resulted from that criminal activity. ORS 137.103(2); ORS 137.106(1). However, it was error to include restitution in the other sentences. *State v. Eastman/Kovach, supra.*

Conviction affirmed; remanded for resentencing on reckless driving conviction; remanded with instructions to vacate restitution portion of judgments on DUII and failure to perform driver's duties; otherwise affirmed.