Submitted on record and briefs April 7, convictions affirmed; remanded for resentencing June 3, 1992

STATE OF OREGON,
*Respondent,*

*v.*

DEAN ALLAN SELLBERG,
*Appellant.*

(91061358M; CA A71375)

832 P2d 1269

Sally L. Avera, Public Defender, and James N. Varner, Deputy Public Defender, Salem, filed the brief for appellant.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted for driving under the influence of intoxicants, ORS 813.010, and driving while suspended, ORS 811.182, both class A misdemeanors. The state concedes that the judgment is erroneous in failing to impose separate sentences on the convictions. It also concedes that the sentence is ambiguous in imposing a 1-year jail term as a condition of probation, purportedly for both offenses.

ORS 137.540(2)(a) limits the jail time that can be imposed as a condition of probation to one-half of the maximum sentence that could be imposed. Under ORS 161.615(1), the maximum sentence for a class A misdemeanor is 1 year but, under a 1989 enactment, that sentence (which would not be a condition of probation) is now limited to 6 months, unless the sentencing judge finds substantial and compelling reasons to impose a longer term. Or Laws 1989, ch 790, § 51 as amended by Or Laws 1991, ch 830, § 9.[1] Defendant contends that, on remand, the maximum incarceration on his DWS conviction as a condition of probation would be one-half of that, or 3 months. The state's position is that the court could impose a 6-month term, because ORS 137.540(2)(a) limits jail time to half the maximum sentence that *could be* imposed and, under section 51, the court *could* impose 1 year in jail for substantial and compelling reasons. However, no such findings were made. On remand, if the court imposes more than 3 months incarceration as a condition of probation on the DWS conviction, it must state what substantial and compelling reasons would have supported a term of incarceration longer than the 6 months allowed under section 51.[2]

Convictions affirmed; remanded for resentencing.

---

[1] Section 51 does not apply to convictions for driving under the influence of intoxicants.

[2] We have already answered defendant's second assignment of error contrary to his argument. *State v. Oary*, 112 Or App 296, 829 P2d 90 (1992).