On respondent's petition for reconsideration filed June 23, petition for reconsideration allowed; opinion (110 Or App 562, 822 P2d 161 (1992)) withdrawn; affirmed July 22, reconsideration denied December 9, 1992, petition for review denied January 26, 1993 (315 Or 312)

## STATE OF OREGON,
*Respondent,*

*v.*

## RANDALL JAMES ZERN,
*Appellant.*

(90-11422; CA A68417)

835 P2d 157

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem, for the petition.

Before Richardson, Presiding Judge, and Deits and De Muniz, Judges.

PER CURIAM

## PER CURIAM

In our previous opinion, we remanded for resentencing on the ground that ORS 813.020 does not authorize probation in DUII cases.[1] The state petitions for review of our decision in the light of *State v. Oary*, 112 Or App 296, 829 P2d 90 (1992). We treat the petition as one for reconsideration, ORAP 9.15(1), and allow it.

Defendant was found guilty of driving under the influence of intoxicants (DUII). The trial court placed him on probation and imposed a 96-hour jail term as a condition of probation. ORS 813.020(2) authorizes a court to impose jail time as a condition of probation in DUII cases. *State v. Oary, supra*, 112 Or App at 301.

Petition for reconsideration allowed; opinion withdrawn; affirmed.

---

[1] ORS 813.020(2) provides:

"The court must impose and not suspend execution of a sentence requiring the person either to serve at least 48 hours imprisonment which shall be served consecutively unless justice requires otherwise or to perform community service * * *."

In *State v. Vasby*, 101 Or App 1, 5, 788 P2d 1024 (1990), we held that a court may not order probation and impose a sentence.