Argued and submitted January 31, cases A68381-84 remanded for resentencing; otherwise affirmed August 26, 1992

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL LEE TAYLOR,
*Appellant.*

(90CR706, 90CR792, 90CR838,
90CR839, 90CR854, 90CR830;
CA A68379 (Control), A68380, A68381,
A68382, A68383, A68384)
(Cases Consolidated)

836 P2d 755

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Brenda J Peterson, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie S. Andrus, Certified Law Student, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

In these cases, which are consolidated for appeal, defendant assigns error to the imposition of jail time as a condition of probation on his misdemeanor convictions. We remand for resentencing.

Defendant was convicted of assault in the fourth degree, ORS 163.160; criminal mischief in the second degree, ORS 164.354; driving while suspended, ORS 811.182; failure to appear on a traffic offense, ORS 810.360; and two counts of driving under the influence of intoxicants. ORS 813.010. He received jail terms of 180 days for the assault; 90 days for criminal mischief; 10 days for driving while suspended; 30 days for failure to appear; and 47 days for the two DUII offenses. All jail terms were to be served consecutively.

■ Defendant contends that he cannot be required to serve a jail term for misdemeanors committed after November 1, 1989. ORS 137.540 provides the statutory authority to impose a jail sentence as a condition of probation. Under the version of the statute enacted in 1989 and in effect at the time of defendant's sentencing,[1] there was no provision that allowed a jail sentence as a condition of probation for a misdemeanor conviction. *State v. Wold*, 105 Or App 158, 803 P2d 782 (1991). Therefore, we agree that the trial court erred in imposing jail terms for assault, criminal mischief, driving while suspended and failure to appear, and we remand for resentencing on those offenses.

■ The trial court did not err, however, in imposing jail terms as conditions of probation for the convictions for driving under the influence of intoxicants. Notwithstanding ORS 137.540(2), the specific requirement under ORS 813.020(2) that DUII offenders serve at least 48 hours imprisonment or perform community service permits imposition of a jail term as a sentence or as a condition of probation for that offense. *State v. Oary*, 112 Or App 296, 829 P2d 90 (1992). Therefore, we affirm the sentences for the two DUII convictions.

Cases A68384, A68381, A68382 and A68383 remanded for resentencing; otherwise affirmed.

---

[1] ORS 137.540(2)(a) has since been amended to apply to misdemeanors. Or Laws 1991, ch 196, § 2.