Argued and submitted October 23, 1991, affirmed August 26, reconsideration denied November 12, 1992, petition for review pending 1993

STATE OF OREGON,
*Respondent,*

*v.*

BOBBY CLYDE DAVIS,
*Appellant.*

(P195859; CA A67503)

836 P2d 748

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

PER CURIAM

## PER CURIAM

Defendant seeks reversal of his conviction for driving under the influence of intoxicants (DUII). ORS 813.010. He assigns error to the trial court's refusal to suppress evidence of his field sobriety tests and to the imposition of jail time as a condition of probation. We affirm.

■ After an accident in which defendant was involved, a police officer, who suspected defendant of DUII, asked him to perform field sobriety tests. Although the officer did not warn him of the consequences of refusing to take the tests, defendant voluntarily took them. He contends that the officer's failure to warn him requires suppression of evidence of his performance on the tests. The trial court did not err. The failure to warn of the consequences of not taking the tests does not require that that evidence be suppressed. *State v. Trenary*, 114 Or App 608, 836 P2d 739 (1992).

■ Defendant next assigns error to the trial court's imposition of four days in the county jail as a condition of probation for his conviction for driving under the influence of intoxicants. Notwithstanding ORS 137.540(2), the ORS 813.020(2) requirement that a DUII offender serve at least 48 hours of imprisonment may be imposed as a sentence or as a condition of probation. *State v. Oary*, 112 Or App 296, 829 P2d 90 (1992).

Affirmed.