Argued and submitted April 30, 1992, affirmed May 12, reconsideration denied June 30, petition for review denied July 27, 1993 (317 Or 272)

## STATE OF OREGON,
*Respondent,*

*v.*

## BONNIE ANN MOURLAS,
*Appellant.*

(P041588; CA A69736)

852 P2d 268

David C. Degner, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S.

Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Carol J. Fredrick, Assistant Attorney General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant appeals her conviction for driving under the influence of intoxicants (DUII). ORS 813.010. She contends that the trial court erred by denying her pretrial motion to suppress statements that she made during field sobriety tests and by sentencing her to probation under ORS 813.020. We affirm.

Officer Rhodes responded to a report that someone in a white car was breaking windows at a residence. When he arrived, he found defendant standing beside a white car. He asked her what was going on, and she responded that her husband was in the house with another woman. While talking with defendant, Rhodes noted what he considered to be signs of intoxication. She smelled of alcohol, her eyes were watery and her mood changed abruptly. He also concluded that she had been driving. Rhodes testified that, at this point, he decided to arrest defendant for DUII, but he did not tell her of that decision.

Rhodes advised defendant of the consequences of failing or refusing to take field sobriety tests pursuant to ORS 813.136 and then administered the tests. During the tests, defendant made statements. Specifically, in response to Rhodes' request to perform a particular test, she said, "You can't do this to me, you didn't see me driving." After defendant finished the tests, Rhodes told her that she was under arrest and informed her of her *Miranda* rights.

At trial, defendant moved to suppress all evidence gathered as a result of the allegedly illegal "stop" and all statements made in response to questioning done before the *Miranda* warnings. The court denied defendant's motion and a jury convicted her of DUII.

On appeal, defendant challenges only the admission of statements that she made to Rhodes after he decided to arrest her. She contends that, at that point, she was "in custody" and should have received "*Miranda*" warnings before being given field sobriety tests. The statements she made during the sobriety tests, she argues, were the product of custodial interrogation and inadmissible absent proper warnings and waiver. She cites both the Oregon and United States Constitutions for support.

■ Under the Oregon Constitution, Article I, section 12, *Miranda*-type warnings are required when a defendant is interrogated in full custody or when the setting is otherwise compelling. *State v. Smith*, 310 Or 1, 7, 791 P2d 836 (1990). Even assuming defendant is correct that she was in custody before the sobriety tests, the contested statements must be the result of interrogation while in custody. *State v. Dorey*, 100 Or App 457, 462, 786 P2d 1288, *rev den* 310 Or 133 (1990).

"Interrogation" means:

" ' "any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." ' " *State v. Dorey, supra*, 100 Or App at 462, *quoting State v. Bradbury*, 80 Or App 613, 616, 723 P2d 1051, *rev den* 302 Or 342 (1986), *quoting Rhode Island v. Innis*, 446 US 291, 301-02, 100 S Ct 1682, 64 L Ed 2d 297 (1980).

Our cases have distinguished a request to perform sobriety tests from interrogation. *State v. Lawrence*, 117 Or App 99, 843 P2d 488 (1992); *State v. Scott*, 111 Or App 308, 826 P2d 71 (1992). In *Scott*, the officer asked the defendant to perform sobriety tests. After he had performed several tests, the officer asked him to rate his level of intoxication, which he did. On appeal, we held that the latter question was not part of the sobriety test, but was "interrogation that seeks testimony on the central issue in the case." 111 Or App at 313; *see also State v. Lawrence, supra.*

Defendant points to no specific question asked by Rhodes that elicited incriminating testimonial evidence. Rhodes requested that defendant perform field sobriety tests. The challenged statements she made were not, without more, in response to any question by Rhodes. That does not amount to interrogation requiring the suppression of defendant's statements under Article I, section 12. *See State v. Lawrence, supra.* The evidence also does not support a conclusion that Rhode's request constituted interrogation under the Fifth Amendment. *Pennsylvania v. Muniz*, 496 US 582, 602-04, 110 S Ct 2638, 110 L Ed 2d 528 (1990). The trial court did not err by denying defendant's motion to suppress statements that she made during the field sobriety tests.

■    In her second assignment, defendant argues that her sentence of probation is unlawful. In *State v. Oary*, 109 Or App 580, 820 P2d 857 (1991), *mod* 112 Or App 296, 301, 829 P2d 90 (1992), we said:

> "ORS 813.020(2) does not restrict the trial court's general sentencing power or its flexibility in fashioning a sentence suitable to the individual defendant, *except that* the court must require the defendant to spend at least 48 hours in jail or perform community service." (Emphasis in original.)

Defendant was sentenced to three years probation on the condition that she serve 80 hours of community service and pay a fine of $250. The sentence was lawful.

    Affirmed.