On appellant's petition for reconsideration filed February 26, reconsideration allowed; opinion (141 Or App 398, 917 P2d 76 (1996)) withdrawn; affirmed May 28, petition for review denied September 23, 1997 (326 Or 58)

## STATE OF OREGON,
*Respondent,*

*v.*

## PHILLIP ELTON BEDARD,
*Appellant.*

(9402-718CR; CA A88816)

939 P2d 156

Sally L. Avera, Public Defender, and Eric M. Cumfer, Deputy Public Defender, for petition.

No appearance *contra.*

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant petitions for reconsideration of our opinion, 141 Or App 398, 917 P2d 76 (1996), in which we reversed his conviction for prostitution on the ground that the district court lacked jurisdiction of Class A misdemeanors. We allow reconsideration, withdraw our opinion, and affirm.

■　　Defendant concedes that, under *State v. Webb*, 324 Or 380, 927 P2d 79 (1996), the district court had jurisdiction over the prostitution count. He argues, however, that the court erred in sentencing him to more than three months in jail as a condition of probation. Under Oregon Laws 1989, chapter 750, section 51,[1] the maximum term of incarceration for Class A misdemeanors is six months in jail, unless the judge finds substantial and compelling reasons to depart, and ORS 137.540(2)(a) limits the imposition of jail time as a condition of probation to one-half of the maximum sentence that could be imposed. *State v. Sellberg*, 113 Or App 378, 379, 832 P2d 1269 (1992). Defendant argues that the court failed to make sufficient findings of substantial and compelling reasons to depart from those statutory limits.

■　　Defendant is incorrect. The court specifically found that he had a record of four prior felony sex offenses. As it would be in a departure under the aggravating factors for felony sentencing, *see* OAR 213-08-002(1)(b)(D), the court's finding here is of persistent involvement in similar offenses. Defendant argues that prostitution is not the same offense as sexual abuse. However, similar offenses are not identical offenses. Rather, as we have noted in the context of felony convictions, persistent involvement in similar offenses captures a malevolent quality in the offender that is represented by the pattern of the offender's criminal behavior. *State v. Kennedy*, 113 Or App 134, 137, 831 P2d 712 (1992). In this instance, defendant's offenses show a pattern of criminal sexual behavior. Additionally, the court found that, at the time that defendant committed the prostitution offense, he was on probation or parole for sexual abuse. Defendant's criminal activity while on release status is a substantial and

---

[1] The provision was originally to expire in November 1991. The provision has been extended by each legislature since enactment.

compelling reason to depart. *See State v. Mitchell*, 113 Or App 632, 634, 833 P2d 1324 (1992) (defendant's commission of crime while on release status shows that defendant is not deterred from committing crimes unless actually incarcerated). There was no sentencing error.

Reconsideration allowed; opinion withdrawn; affirmed.