Thomas Charles GRAY,
Petitioner-Appellant,

v.

WARDEN OF the MONTANA STATE PRISON, STATE OF MONTANA, et al., Respondents-Appellees.

No. 74–1810.

United States Court of Appeals, Ninth Circuit.

Sept. 25, 1975.

Sam Haskins, San Francisco, Cal., for petitioner-appellant.

Robert Woodahl, Atty. Gen., Helena, Mont., for respondents-appellees.

## OPINION

Before KOELSCH, Circuit Judge, KILKENNY, Senior Circuit Judge, and EAST, Senior District Judge.*

EAST, Senior District Judge:

The order of the District Court denying Gray's petition for a 28 U.S.C. § 2254 Writ of Habeas Corpus is affirmed.

Gray was held in a Montana county jail under charges of robbing a Western Union Office at Great Falls, in lieu of "making" fixed bail, for 31 calendar days before being sentenced on June 3, 1970 upon his voluntary plea of guilty. The sentence was a probationary order of a three year deferred imposition of sentence.

On May 7, 1973 (less than 31 days before the expiration of the three year term of probation) a petition for the revocation of the probation was filed.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

Thereafter revocation was accomplished and Gray was sentenced to a long term of imprisonment.

Gray claims he was unconstitutionally sentenced to imprisonment in that the Montana state court lacked jurisdiction to enter the sentence. Gray's premise of a lack of state court jurisdiction is based upon the contention that he was entitled to a credit of 31 calendar days pre-conviction jail time upon his "sentence" under the three year probationary order as mandated by § 95–2215, RCM 1947. Therefore, he claims the probationary period had been fully served prior to the filing of the petition for the revocation thereof; hence the Montana state court had lost jurisdiction to revoke a fully served probationary period and subsequently to impose sentence of imprisonment.

Gray makes a side contention of unconstitutional denial of bail throughout the 31 days of pre-sentence jail time solely by reason of his poverty which voids his sentence to imprisonment.

The Supreme Court of Montana considered and rejected Gray's contentions. *In Re Petition of Gray*, Mont., 517 P.2d 351. We conclude that neither of Gray's contentions has any federal merit.

■■ The origin of the modern concept of pre-conviction jail time credit upon the term of the ultimate sentence of imprisonment is of legislative grace and not a constitutional guarantee. Furthermore, Gray's probationary order of a timed deferment of sentence is not "a judgment of imprisonment" upon which a person is entitled to credit for pre-conviction jail time under § 95–2215. *Bartlett v. United States*, 166 F.2d 928 (10th Cir. 1948); *Zaroogian v. United States*, 367 F.2d 959, 963 (1st Cir. 1966); and *Petition of Williams*, 145 Mont. 45, 399 P.2d 732 (1965).

■ The laws of Montana fully recognize an accused's constitutional right to bail, and § 95–1110, RCM 1947, provides that "Bail [shall] be reasonable in [an] amount and the amount shall be: . .

(d) Considerate of the financial ability of the accused; . . . ."

Gray has not shown that the state judge did not follow the mandate of § 95–1110 nor where judicial discretion was abused in fixing the amount of bail for Gray.

Affirmed.