Steve Lee **LEWIS**, Plaintiff-Appellant,

v.

Harold J. **CARDWELL**, Superintendent, Arizona State Prison, Defendant-Appellee.

No. 78–1652.

United States Court of Appeals, Ninth Circuit.

Sept. 18, 1979.

Rehearing Denied Jan. 2, 1980.

---

**927**

B. Michael Dann, Treon, Warnicke, Dann & Roush, P. A., Phoenix, Ariz., for plaintiff-appellant.

Crane McClennen, Asst. Atty. Gen., Phoenix, Ariz., for defendant-appellee.

Before SNEED and HUG, Circuit Judges, and ZIRPOLI,* Senior District Judge.

HUG, Circuit Judge:

The appellant, Steve Lee Lewis, a state prisoner, appeals the district court's denial of his petition for post-conviction relief from his Arizona state court convictions under 28 U.S.C. § 2254. We affirm.

*Proceedings Below*

In 1971, the appellant was convicted after a jury trial in Pima County, Arizona, on two counts of first degree murder and one count of attempted murder. He did not appeal his convictions to the Arizona state courts, apparently relying on his counsel's advice that he might be sentenced to death if convicted upon retrial.

Subsequently, the appellant filed a petition for postconviction relief in Arizona state court, alleging numerous constitutional violations. The petition was ultimately denied by the Arizona Supreme Court. Thereafter, the appellant, pursuant to 28 U.S.C. § 2254, unsuccessfully petitioned the district court for a writ of habeas corpus, alleging those same constitutional violations.

In this appeal, appellant argues that the district court erred in not finding that his constitutional rights were violated because: (1) the prosecution made repeated references to his alleged post-arrest silence, in violation of *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); (2) he was not given credit for presentence time in custody; (3) the prosecution did not disclose that charges against one of its witnesses had been dismissed in exchange for testimony in another proceeding, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (4) his original counsel was ineffective due to the fact that he represented a prosecution witness.

*Doyle Violations*

The appellant argues that the prosecution's use of his alleged post-arrest silence, both in its case-in-chief and for impeachment purposes, violated his Fourteenth Amendment due process rights, as announced in *Doyle v. Ohio*. The appellant did not remain completely silent during the post-arrest period, but answered some questions and refused to answer others. We do not reach the question of whether the comments on his responses and lack of responses constituted a *Doyle* violation. We do not consider this issue on the merits because adequate and independent state procedural grounds existed for the decision of the state courts.

In *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Court held that a habeas petitioner's failure to comply with Florida's contemporaneous objection rule, absent a showing of cause

* The Honorable Alfonso J. Zirpoli, Senior United States District Judge for the Northern District of California, sitting by designation.

for the noncompliance and some showing of actual prejudice, barred federal habeas review of the alleged constitutional errors in admitting the objectionable testimony.

Here the appellee correctly points out that appellant's trial counsel did not object to any of the alleged *Doyle* violations. Further, it is well established in Arizona law that an appellate court will not consider claims of error when no objection was made in the trial court. *State v. Hunt*, 118 Ariz. 431, 577 P.2d 717, 720 (1978) (*en banc*); *State v. Wilcynski*, 111 Ariz. 533, 534 P.2d 738 (1975); *State v. Tostado*, 111 Ariz. 98, 523 P.2d 795 (1974).

■ We note that at the time of the appellant's trial, the equivalent of the *Doyle* rule prevailed in this circuit. *Bradford v. Stone*, 9 Cir., 594 F.2d 1294, 1296 n.1, (citing *Cockrell v. Oberhauser*, 413 F.2d 256 (9th Cir. 1969); *Fowle v. United States*, 410 F.2d 48 (9th Cir. 1969)). The appellant does not demonstrate any cause for his counsel's failure to object to the alleged *Doyle* violations. Although the Arizona courts did not specify the reason for dismissing the appellant's petition on this issue, Arizona law precludes review on procedural grounds, and there was no indication that the state appellate court ruling was based on substantive grounds. *See Bradford v. Stone*, 594 F.2d at 1296 n.2. We therefore conclude that the appellant's counsel's failure to object to the alleged *Doyle* violations at trial constitutes an adequate and independent state procedural ground, which precludes our consideration of the claim on the merits.

### Credit for Presentence Time in Custody

■ The appellant argues that constitutional error resulted when he was not given credit for presentence time in custody. This argument has no merit. This court has previously stated:

> The origin of the modern concept of preconviction jail time credit upon the term of the ultimate sentence of imprisonment is of legislative grace and not a constitutional guarantee.

*Gray v. Warden of Montana State Prison*, 523 F.2d 989, 990 (9th Cir. 1975). The dis-

trict court properly concluded that the appellant's argument "does not raise a constitutional question cognizable in this proceeding."

### Brady Violation

■ The appellant alleges that the prosecution's nondisclosure of the dismissal of prior charges against prosecution witness John Charbonneau violated the disclosure requirements of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The prosecution points out that the charges that were dropped were pending in Maricopa County and not Pima County, where the prosecution took place. Thus, the Pima County District Attorney claims that he did not know that the charges were dropped in exchange for cooperation in an unrelated trial. The appellant's trial attorney knew about agreements made with Charbonneau concerning numerous other criminal charges pending against him, and brought them to the jury's attention. When considering the nondisclosed information in light of the other impeaching evidence, we find, even assuming a *Brady* violation, that the failure to disclose this evidence did not result in reversible error under *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), because it was merely cumulative.

### Effectiveness of Counsel

■ The appellant contends that he was denied effective assistance of counsel because his original attorney, who withdrew prior to trial, represented prosecution witness Charbonneau. Specifically, he asserts that he was prejudiced by his first attorney's failure to tell his second attorney of the Charbonneau agreement concerning the Maricopa County charges, so that it could be used for impeachment purposes. Since we have concluded that the nondisclosed information was merely cumulative impeachment evidence, the failure of appellant's first counsel to reveal this information to his second counsel did not constitute any substantial prejudice to the appellant and did not amount to ineffective assistance

of counsel under the standards of *Cooper v. Fitzharris*, 586 F.2d 1325 (9th Cir. 1978) (*en banc*).

Affirmed.