Argued and submitted June 5, affirmed September 30, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# ERVIN L. BROWN,
*Appellant.*

## (DA 438569; CA A71255)

838 P2d 624

Brian D. Aaron, Portland, argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and Edmonds and De Muniz, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Defendant was convicted in a jury trial of menacing, ORS 163.190, a misdemeanor. He was charged by complaint with having committed the crime on February 5, 1991. He seeks vacation of the 30-day jail sentence that he received as a condition of probation. We affirm.

Defendant argues that the trial court erred in applying ORS 137.540(2)(a), *as amended by* Or Laws 1991, ch 196, § 1, which became effective on June 10, 1991.[1] He contends that the statute does not contain a provision making the amendment applicable to crimes committed before the effective date of the amendment.

After the 1991 amendment, ORS 137.540 provides, in part:

"(2) In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"(a) For crimes committed prior to November 1, 1989, *and misdemeanors committed on or after November 1, 1989,* be confined to the county jail * * *." (Emphasis supplied.)

Under the plain language of the statute, a trial court is authorized to impose jail time as a condition of probation in misdemeanor cases committed on or after November 1, 1989 — *before* the effective date of the 1991 amendments. The statute clearly provides for retroactive application of its provisions.

Defendant also argues that any retroactive application of the amendment to ORS 137.540(2)(a) would violate the *Ex Post Facto* Clauses of the Oregon[2] and federal[3] constitutions. Defendant did not timely raise any constitutional issue. We decline to consider his *ex post facto* argument. *See State v. Walton,* 311 Or 223, 240-41, 809 P2d 81 (1991).

Affirmed.

---

[1] ORS 137.40 was also amended by Or Laws 1991, ch 630 and Or Laws 1991, ch 731. None of the changes affects this case.

[2] Oregon Constitution, Article I, section 21, provides, in part:

"No *ex-post facto* law * * * shall ever be passed * * *."

[3] United States Constitution, Article I, section 10, provides, in part:

"No state shall * * * pass any * * * ex post facto Law * * *."