Argued and submitted May 29, condition of probation vacated; otherwise affirmed October 28, 1992, reconsideration denied February 10, petition for review pending 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## RICK ALLEN HARDING,
*Appellant.*

(91-2218-C; CA A71293)

840 P2d 113

James N. Varner, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

On June 25, 1991, defendant pled guilty to a charge of public indecency, ORS 163.465(1)(c), that he committed on May 2, 1991. On July 24, 1991, the court suspended imposition of sentence and placed defendant on probation for five years. As a condition of probation, the court ordered him to serve 10 days in the Jackson County jail. He contends that imposing jail time as a condition of probation violates the proscriptions against *ex post facto* laws,[1] because the court did not have authority to impose jail time as a condition of probation for a misdemeanor when he committed the crime. We agree.

Public indecency is a class A misdemeanor. ORS 163.465(2). A person who is convicted of a class A misdemeanor can be sentenced to a maximum term of one year in jail. ORS 161.615(1). As an alternative to incarceration, the court may suspend imposition or execution of sentence and place the person on probation for up to five years. ORS 137.010(4).[2] When defendant committed public indecency, a court did not have authority to impose a term of confinement as a condition of probation for misdemeanors other than DUII. *State v. Wold*, 105 Or App 158, 803 P2d 782 (1992); *State v. Oary*, 112 Or App 296, 829 P2d 90 (1992). If the probationer later violated a condition of probation, the court could revoke probation and impose or execute a sentence. Because confinement was not a permissible condition of probation, a misdemeanant could not serve more than one year in jail under any circumstances.

ORS 137.540 now provides, in part:

"(2)   In addition to the general conditions, the court may impose special conditions of probation [including]:

---

[1] "No *ex post facto* law * * * shall ever be passed." Or Const, Art I, § 21.

"No state shall [pass any] ex post facto Law." US Const, Art I, § 10.

[2] ORS 137.010(4) provides, in part:

"If the court suspends the imposition or execution of sentence for an offense other than a felony committed on or after November 1, 1989, the court may also place the defendant on probation for a definite or indefinite period of not more than five years."

ORS 137.010(4), ORS 163.465(2) and ORS 161.615(1) have not been amended since defendant committed the offense.

"(a) For * * * misdemeanors committed on or after November, 1, 1989, [confinement in] the county jail * * * for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser."

This version of ORS 137.540(2) became effective on June 10, 1991. Or Laws 1991, ch 196, § 3.[3] Although it became effective more than a month after defendant committed the charged act, the legislature intended it to apply to him. *State v. Brown*, 115 Or App 327, 838 P2d 624 (1992). ORS 137.540(2) now authorizes the court to impose a six-month jail term as a condition of probation for a misdemeanor. If a probationer completes the probationary confinement term and later violates probation, the court may revoke probation and impose a jail sentence of up to one year, and it is not required to give credit for the time served. ORS 137.550(6).[4]

If defendant were to serve 10 days in jail, and then have his probation revoked, he would risk a total of a year and 10 days in jail. The amended law exposes him to a greater quantum of punishment, because he could not have been incarcerated for more than a year under the version of ORS 137.540 that was in effect when he committed the offense. *See State v. Gallant*, 307 Or 152, 155, 764 P2d 920 (1988);

---

[3] When defendant committed the offense, ORS 137.540(2) provided:

"In addition to the general conditions, the court may impose special conditions of probation for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"(a) For crimes committed prior to November 1, 1989, be confined to the county jail * * *.

"(b) For felonies committed on or after November 1, 1989, be confined in the county jail * * *."

Or Laws 1989, ch 790, § 16.

[4] ORS 137.550(6) provides:

"A defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 * * * *may* be given credit for all time thus served in any order or judgment of confinement resulting from revocation of probation." (Emphasis supplied.)

In 1989, the legislature substituted the word "may" for the word "shall" in ORS 137.550(6). Or Laws 1989, ch 790, § 17. By adopting that amendment, the legislature revealed that it intended the sentencing court to have discretion whether to give credit for time served. *See Dika v. Dept. of Ins. and Finance*, 312 Or 106, 109, 817 P2d 287 (1991); *Associated Oregon Veterans v. DVA*, 70 Or App 70, 74, 688 P2d 431 (1984), *rev den* 298 Or 470 (1985).

*State v. Burke*, 109 Or App 7, 11, 818 P2d 511 (1991), *rev den* 312 Or 589 (1992). Defendant is not required to "wait and see" whether the court actually revokes his probation and imposes a one-year sentence after he completes his 10-day probationary jail term before he can challenge his sentence as an *ex post facto* violation. The judgment of the trial court violates Article I, section 21, now. *Williams v. Board of Parole*, 112 Or App 108, 113, 828 P2d 465 (1992).[5]

Jail confinement as a condition of probation vacated; otherwise affirmed.

---

[5] We express no opinion about whether retroactive application of the current version of ORS 137.540 violates Article I, section 10, of the United States Constitution.