Argued and submitted December 30, 1992, conviction and condition of probation vacated in part; otherwise affirmed March 17, 1993

# STATE OF OREGON,
*Respondent,*

*v.*

# PAUL KEITH COURAUD,
*Appellant.*

(CR10364; CA A73035)

848 P2d 628

Alan H. Biedermann, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted of assault in the fourth degree, ORS 163.160, assault on a public safety officer, ORS 163.208, and criminal trespass in the second degree. ORS 164.245. The court suspended imposition of sentence and placed defendant on probation for 24 months. As a condition of probation, the court ordered defendant to serve 30 days in the county jail. Defendant contends that the court erred in imposing jail time as a condition of probation. We agree.

Defendant committed his crimes on February 12, 1991. Between that time and the time of sentencing, the legislature amended ORS 137.540(2) to authorize trial courts to impose jail time as a special condition of probation for misdemeanors. In *State v. Brown*, 115 Or App 327, 329, 838 P2d 624 (1992), we concluded that the legislature intended that amendment to apply retroactively to any misdemeanor committed on or after November 1, 1989. Nevertheless, because the issue was not preserved, we did not decide in that case whether retroactive application of ORS 137.540(2) would violate the *ex post facto* clause of the Oregon Constitution.[1] In *State v. Harding*, 116 Or App 29, 33, 840 P2d 113 (1992), we reached that issue and concluded that ORS 137.540(2) could not be applied retroactively. Consequently, the court erred in imposing jail time as a special condition of defendant's probation.

Defendant also contends that the court erred in failing to merge his conviction for assault in the fourth degree into his conviction for assaulting a public safety officer. The state concedes that error, and we accept its concession. Nevertheless, because the court did not impose a sentence for assault in the fourth degree, we need not remand for resentencing.

Conviction for assault in the fourth degree vacated; jail confinement as a condition of probation vacated; otherwise affirmed.

---

[1] Oregon Constitution, Article I, section 21, provides that "[n]o *ex-post facto* law * * * shall ever be passed * * *."