Argued and submitted August 28, 1992, vacated in part and remanded for resentencing; otherwise affirmed May 19, 1993

## STATE OF OREGON,
### *Respondent,*

*v.*

## EDWARD EUGENE ALLEN,
### *Appellant.*

(90CR0219, 910691M; CA A70710 (Control), A70711)
(Cases Consolidated)

851 P2d 638

Dan Maloney, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson* Judges.

PER CURIAM

---

* Leeson, J., *vice* Buttler, J., retired.

## PER CURIAM

Defendant appeals from four misdemeanor convictions for issuing false financial statements.[1] Imposition of sentence was suspended on all four convictions, and defendant was placed on probation. He was ordered to serve jail time as a condition of probation for each conviction.

Two of the convictions were based on misconduct that occurred after November 1, 1989, but before June 10, 1991.[2] During that time, the statute in effect did not authorize jail time as a condition of probation. *State v. Wold, supra* n 2, 105 Or App at 160. In 1991, the legislature amended ORS 137.540(2) to allow jail time as a condition of probation, and made its application retroactive to misdemeanors committed after November 1, 1989. In *State v. Harding*, 116 Or App 29, 840 P2d 113 (1992), we held that the application of ORS 137.540(2) to offenses that had been committed after November 1, 1989, but before June 10, 1991, the effective date of the statute, violated the prohibition against *ex post facto* laws. We therefore remand for resentencing on the two convictions for misdemeanors committed after November 1, 1989. We have considered and reject defendant's other assignments of error.

On counts VI and VII in 90CR0219, condition of probation ordering jail time vacated and remanded for resentencing; otherwise affirmed.

---

[1] The cases were consolidated for trial.

[2] The other two convictions were on the basis of misconduct that occurred before November 1, 1989. The statute in effect at that time authorized jail time as a condition of probation. *See State v. Wold*, 105 Or App 158, 160, 803 P2d 782 (1991).