Argued and submitted September 4, 1992, conviction affirmed; remanded for resentencing June 2, 1993

STATE OF OREGON,
*Respondent,*

*v.*

LEE T. SWARTZENDRUBER,
*Appellant.*

(GA91-0019; CA A71550)

853 P2d 842

M. Chapin Milbank, Salem, argued the cause and filed the brief for appellant.

Youlee Yim You, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

■ The primary issue in this case is whether evidence seized in violation of Article I, section 9, of the Oregon Constitution may be considered in a sentencing hearing. We have previously held that it may. *State v. Campbell*, 43 Or App 979, 607 P2d 745 (1979). In the light of *State ex rel Juv. Dept. v. Rogers*, 314 Or 114, 836 P2d 127 (1992), we now hold that it may not.

In Benton County, defendant was convicted of knowingly setting sight bait[1] within 15 feet of a leghold trap for carnivores, a class A misdemeanor. ORS 496.992(1); OAR 635-50-045(7)(g).[2] At sentencing, the state presented illegally obtained evidence that had been suppressed by a court in three cases in Polk County.[3] Those cases were not brought on the basis of the same misconduct as the Benton County case. Defendant objected, arguing that use of the evidence was unconstitutional, because the evidence had been seized in violation of Article I, section 9, of the Oregon Constitution.[4] The trial court rejected defendant's argument and allowed the state to present the evidence.

On appeal, defendant argues that the trial court erred. He acknowledges that we have upheld the use of illegally seized evidence at sentencing, *State v. Campbell,*

---

[1] OAR 635-50-050(6) provides:

" 'Sight bait' means exposed flesh bait including whole animal carcasses within 15 feet of any leghold trap set for carnivores in eastern Oregon."

[2] OAR 635-50-045(7) provides, in part:

"It is *unlawful* for any person to trap for furbearers or unprotected mammals using:

"* * * * *

"(g) Sight bait within 15 feet of any leghold trap set for carnivores." (Emphasis in original.)

[3] The evidence seized in the Polk County cases included a skull and three feathers from a red tail hawk, the skin of a great blue heron, an eagle talon, fourteen bird's feet, and three bobcat skulls and jaws. The officer who seized the items identified the species and testified about some other evidence he had found that was not physically present at sentencing. The evidence and testimony were offered under ORS 137.090, which allows the court to consider "[a]ny other evidence relevant to aggravation or mitigation that the court finds trustworthy or reliable."

[4] Article I, section 9, provides, in part:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure * * *."

*supra*, but argues that *Campbell* is not dispositive, because it was decided only on the basis of the protections provided by the federal exclusionary rule. Defendant is correct.

In 1992, the Oregon Supreme Court decided *State ex rel Juv. Dept. v. Rogers, supra*. In that case, the court limited *State v. Nettles*, 287 Or 131, 597 P2d 1243 (1979), in which the court had held that the Oregon exclusionary rule did not apply to probation revocation proceedings. In *Rogers*, the court stated:

> "In *State v. Nettles*, [*supra*], this court held that the exclusionary rule does not apply to probation revocation proceedings. *Nettles* reasoned that the exclusionary rule was a 'judicially created remedy designed to deter future police conduct' and concluded that the *deterrence* function of the rule was not served by excluding unconstitutionally seized evidence in probation revocation proceedings.
>
> "*Nettles* decided the exclusionary rule issue under both Article I, section 9, of the Oregon Constitution, and the Fourth Amendment to the Constitution of the United States. *The analysis in Nettles, however, was based entirely on the federal constitution and was supported by citation only to federal cases.* The opinion in *Nettles* refers to the Oregon Constitution only once, in a footnote, which states: 'It has been the custom of this court to give [Article I, section 9, of the Oregon Constitution] substantially the same construction as that required by the United States Supreme Court of the fourth amendment.' This court has since abandoned that 'custom.' " 314 Or at 117. (Citations omitted; emphasis supplied.)

Thus, *Nettles* is no longer dispositive in defining the protections conveyed by the Oregon exclusionary rule, because it was decided on the basis of a purely federal analysis. *State ex rel Juv. Dept. v. Rogers, supra*, 314 Or at 118.

The question of whether the Oregon exclusionary rule should be applied in a particular proceeding can only be answered by looking at the rationale behind the Oregon rule. 314 Or at 119. The *Rogers* court explained:

> "This court has stated that, 'unlike the Fourth Amendment exclusionary rule, which has been based on deterring police misconduct, exclusions under Article I, section 9, have been based on the personal right to be free from an unlawful search and seizure.' *State v. Kosta*, 304 Or 549, 553, 748 P2d

72 (1987). Thus, when the government violates an individual's Article I, section 9, rights by conducting an unreasonable search or seizure in obtaining evidence, *the individual's state constitutional right to be secure against that unlawful search or seizure is protected 'through the sanction of [the] suppression of evidence.' State v. Davis,* [313 Or 246, 253, 834 P2d 1008 (1992)]. *This court has consistently reaffirmed that personal rights underlie the Oregon exclusionary rule."* 314 Or at 119. (Footnote omitted; emphasis supplied.)[5]

Under the Oregon rule, the question is not whether there will be a useful deterrent effect if evidence is suppressed; the question is whether defendant's constitutional right to be secure from unlawful searches and seizures was violated and must be vindicated by suppression of the illegally obtained evidence. 314 Or at 120.

On the basis of *Nettles*, we upheld the presentation of illegally obtained evidence at sentencing in *State v. Campbell, supra*. We followed the reasoning provided in *Nettles*, and based our holding on federal law and federal cases that had interpreted the Fourth Amendment to the United States Constitution. As a result, we analyzed the use of illegally seized evidence at sentencing in light of the potential *deterrent* effect of exclusion and the possible harm to the sentencing process if the evidence were not admitted. *State v. Campbell, supra*, 43 Or App at 988.

Because *Campbell* was decided on the basis of reasoning which is inadequate to answer the question under Oregon law, we must now revisit the question. Accordingly, we turn to the question of whether defendant's rights under Article I, section 9, were violated, and, if so, whether those rights must be vindicated by suppression of the evidence at sentencing.

In *Rogers*, the Supreme Court clearly described the scope of Article I, section 9:

"Article I, section 9 'defines the limits of permissible conduct generally.' *State v. Davis*, 313 Or 246, 253, [834] P2d

---

[5] The Oregon rationale has led to greater protection of individual rights in Oregon than that provided in cases applying the federal rationale. *See* Note, *Development of the Right to Exclude Illegally Seized Evidence in Oregon under Article I, section 9, of the Oregon Constitution*, 25 Will L Rev 697, 706 (1989).

[1008] (1992). *An unreasonable search or seizure is, by definition, unlawful under that section, regardless of how the government seeks to use any unlawfully obtained evidence.*" *State ex rel Juv. Dept. v. Rogers, supra*, 314 Or at 118. (Emphasis supplied.)

Thus, the individual's rights have been violated *at the time of the search or seizure.* In answering the question of what must be done to vindicate a defendant's rights, we are necessarily answering the question of whether the state may exploit its violation of those rights by using the evidence in a sentencing hearing.

At the suppression hearing held in Polk County, the court suppressed the evidence on the ground that the officer had engaged in a "warrantless illegal entry." The Polk County cases were dismissed, and the state did not appeal.[6]

Because it has been judicially established that defendant's Article I, section 9, right to be free from unreasonable searches and seizures was violated by the officer's actions, we turn to the vindication of those rights. Traditionally, vindication has been effected through the sanction of the suppression of evidence in criminal prosecutions. *State ex rel Juv. Dept. v. Rogers, supra*, 314 Or at 120. Otherwise, the constitutional right to be 'secure' against impermissible government conduct could not be effective. 314 Or at 120.

In extending the exclusionary rule to probation revocation proceedings, the Supreme Court noted the similarity between the liberty interests of a criminal defendant and those of a person on probation. Each has liberty, although the liberty of the person on probation is restricted. Each stands to lose what liberty the person has at the proceeding, and that loss "may have been the result of the state's use of unconstitutionally seized evidence." 314 Or at 120. As a result, "the reasons for the sanction of suppression of evidence are equally applicable" to both types of proceedings. 314 Or at 120.

---

[6] The state does not now contend that the suppression was error or that the search was constitutional. Instead, it cites *State v. Campbell, supra,* and argues that the presentation of illegally seized evidence at sentencing was proper. In a supplemental memorandum of authorities, the state concedes that *State ex rel Juv. Dept. v. Rogers, supra,* has implicitly overruled *Nettles,* on which *Campbell* relied.

We find those same liberty interests in the case before us. There is no question that defendants who have been found guilty face the possibility of restrictions being placed on their liberty at sentencing. The issue is not simply whether they are subject to some restrictions; it is whether the state should be allowed to use unconstitutionally obtained evidence in a hearing that determines the type and duration of the restrictions on the defendant's liberty. If such evidence is presented, the length of incarceration or probation may be determined or increased as a result of evidence seized in violation of constitutional rights. We conclude that the vindication of defendant's rights under Article I, section 9, requires that the illegally seized evidence be suppressed at sentencing.

■ Because the trial court admitted the evidence, we cannot determine what sentence defendant would have received if the illegally seized evidence had not been introduced against him. We must therefore remand for resentencing.

Defendant also challenges the specific terms of his sentence. We address the matter, because it is likely to arise on resentencing. Defendant argues that he was given two sentences for one offense, because he was ordered to serve both five days in jail and five years on probation. Defendant misunderstands the disposition of his case. The trial court suspended imposition of the sentence, placed defendant on probation, and ordered him to serve jail time *as a condition of probation*. The jail time was not a separate sentence.

■ Nevertheless, defendant's sentence presents a problem under *State v. Harding*, 116 Or App 29, 840 P2d 113 (1992). Defendant's misconduct took place in February, 1991. As we have previously noted, jail time as a condition of probation for misdemeanors committed after November 1, 1989, but before June 10, 1991, violates the prohibition against *ex post facto* laws, because the statute in effect at the time of the misconduct did not authorize jail time as a condition of probation.[7] *State v. Allen*, 120 Or App 526, 851

---

[7] Although defendant did not raise the *ex post facto* issue, imposition of jail time as a condition of probation for a misdemeanor committed in February, 1991, is error apparent on the face of the record, and we exercise our discretion to correct that error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).

P2d 638 (1993); *State v. Harding, supra.* Accordingly, the trial court erred in ordering defendant to serve jail time as a condition of probation.

Defendant's other assignment of error does not merit discussion.

Conviction affirmed; remanded for resentencing.