Argued and submitted July 31, 1992, conviction affirmed; remanded for resentencing July 7, reconsideration denied September 15, petition for review denied October 26, 1993 (318 Or 26)

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID TETUKEVICH,
*Appellant.*

## (CR91-0183; CA A71300)

855 P2d 1137

Dan Maloney, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

John R. Payne, Certified Law Student, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Defendant appeals his conviction for theft in the second degree. ORS 164.045. He contends that the trial court erred by denying his motion for mistrial and by sentencing him to jail as a condition of probation under ORS 137.540(2). We affirm the conviction but remand for resentencing.

In the first assignment, defendant argues that a mistrial was required because the prosecutor commented on his failure to explain his actions when he was apprehended by the owner of the property that he had stolen. Defendant objected to the prosecutor's argument and the objection was sustained. Defendant did not move for mistrial until after the jury had been instructed and had begun its deliberations. The court denied the motion, in part because it was untimely.

A motion for mistrial must be timely in order to preserve the error. *State v. Walton*, 311 Or 223, 809 P2d 81 (1991); *State v. Montez*, 309 Or 564, 789 P2d 1352 (1990); *State v. Shafer*, 222 Or 230, 351 P2d 941 (1960). The motion is timely if it is made at a time when the court has the opportunity to assess any curative action. *State v. Shafer, supra.* Defendant's motion was not timely and he has not preserved the claim of error.

In his second assignment, defendant argues that the court erred by applying ORS 137.540(2) retroactively to impose a jail sentence as a condition of probation. He is correct. *State v. Couraud*, 118 Or App 550, 848 P2d 628 (1993); *State v. Harding*, 116 Or App 29, 840 P2d 113 (1992).

Conviction affirmed; remanded for resentencing.