12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Plaintiff-Appellant,
v.
Manfred F. MAASS, Defendant-Appellee.
 No. 93-35374.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Allen appeals pro se the district court's order dismissing his 28 U.S.C. Sec. 2254 petition for habeas corpus with prejudice. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 On June 1, 1991, Allen was sentenced to five years probation on four counts of issuing false financial statements with the requirement that he serve six months imprisonment on each of the four convictions. The sentences were to be served consecutively. Allen received 51 days of presentence credit for the jailtime he served prior to his conviction.
 
 
 4
 Allen contends that each of his consecutive sentences should have been credited with 51 days. This contention lacks merit.
 
 
 5
 Federal habeas corpus relief does not lie for errors of state law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (quotations omitted). Further, there is no state law error in Oregon's failure to credit each consecutive sentence for 51 days. The Oregon Supreme Court has held that when a criminal defendant receives consecutive sentences, he is not entitled to have the time served in jail prior to trial credited cumulatively against each of the sentences imposed. See Nissel v. Pearce, 764 P.2d 224, 225-28 (1988). Finally, this court has stated that " 'pre-conviction jailtime credit upon the term of the ultimate sentence is of legislative grace and not a constitutional guarantee.' " Lewis v. Cardwell, 609 F.2d 926, 928 (9th Cir.1979) (quoting Gray v. Warden of Montana State Prison, 523 F.2d 989, 990 (9th Cir.1975)). Accordingly, there is no claim of constitutional dimension, and the district court did not err by dismissing with prejudice Allen's petition for habeas corpus. See Lewis, 609 F.2d at 928.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the time Allen filed his Sec. 2254 petition, his direct criminal appeals were pending in the Oregon Court of Appeals. Since then, however, the appeals have been decided. See State v. Allen, 851 P.2d 638 (Or.Ct.App.1993)