Argued and submitted April 28, affirmed December 8, 1993

STATE OF OREGON,
*Respondent,*

*v.*

EDMOND EDISON McINTOSH,
*Appellant.*

(448616-9107; CA A74175)

864 P2d 871

Dan Maloney, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janie M. Burcart, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of disorderly conduct and assault in the fourth degree. ORS 166.025; ORS 163.160. He argues that the trial erred in finding that the prosecutor's peremptory challenge of a prospective juror, who is a member of a racial minority, did not violate the Equal Protection Clause of the Fourteenth Amendment. He also argues that the trial court erred in sentencing him.

This is a companion case to *State v. Millage*, 125 Or App 92, 864 P2d 868 (1993). Defendants' cases were consolidated for trial, but not on appeal. In *Millage,* we held that the prosecutor's peremptory challenge of prospective juror Williams did not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. For the reasons expressed there, we reject defendant's argument here.

Defendant also argues that "the trial court erred in both sentencing defendant and placing him on probation." According to defendant, the trial court acted without authority in ordering him to serve probation, because it did not suspend execution or imposition of his sentence. However, defendant mischaracterizes the sentencing court's judgment. It is clear from the written judgment that defendant was sentenced to two years probation and, as a condition of probation, he must serve 180 days in jail with 170 days suspended. Because defendant was convicted of a misdemeanor for acts occurring after June 10, 1991, the sentencing court acted within its authority under ORS 137.540(2). *See State v. Allen*, 120 Or App 526, 851 P2d 638 (1993).

Affirmed.