19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Petitioner-Appellant,
v.
William E. ARNADO, Josephine County Sheriff, Respondent-Appellee.
 No. 93-35146.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 3, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Allen, an Oregon state prisoner, appeals pro se the district court's order dismissing his 28 U.S.C. Sec. 2254 petition for habeas corpus with prejudice. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991), and affirm.
 
 
 3
 On June 1, 1991, Allen was sentenced to five years probation on four misdemeanor counts of issuing false financial statements with the requirement that he serve six months imprisonment on each of the four convictions. Allen was later found guilty of one felony charge of Aggravated Theft, and one felony charge of Aggravated Theft in the First Degree. Each of these sentences were to be consecutive to one another and the misdemeanor sentences.
 
 
 4
 Allen contends that he is being denied credit for time served in the Josephine County Jail. Allen's contention lacks merit.
 
 
 5
 Allen was incarcerated in Josephine County from May 15, 1991 until his felony sentencing on September 30, 1991. Allen was given credit for the twenty-three days he served between his sentencing on the felony charges on September 30, 1991, and his delivery to the Department of Corrections on October 22, 1991.
 
 
 6
 Federal habeas corpus relief does not lie for errors of state law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). This court has held that " 'pre-conviction jailtime credit upon the term of the ultimate sentence is of legislative grace and not a constitutional guarantee.' " Lewis v. Cardwell, 609 F.2d 926, 928 (9th Cir.1979) (quoting Gray v. Warden of Montana State Prison, 523 F.2d 989, 990 (9th Cir.1975)).
 
 
 7
 Accordingly, there is no claim of constitutional dimension. Therefore, the district court did not err by dismissing with prejudice Allen's petition for habeas corpus. See id. 609 F.2d at 928.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3