Argued and submitted December 23, 2002, remanded for resentencing; otherwise
affirmed February 19, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## TIMOTHY GEORGE FOSTER,
*Appellant.*

## CR 000556; A112433

63 P3d 1269

Jamesa Drake argued the cause for appellant. On the brief were Beth Corbo, Deputy Public Defender, and David E. Groom, Acting Executive Director.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, Deits, Chief Judge, and Kistler, Judge.

KISTLER, J.

**KISTLER, J.**

Defendant was convicted of driving while suspended. On appeal, he argues that the trial court erred in imposing 360 days in jail, with 280 days suspended, as a condition of probation. He reasons that the court could impose only six months in jail as a condition of probation. We remand for resentencing.

Defendant was convicted of driving with a suspended license and sentenced to 36 months' probation. One of the conditions of probation was that he serve 360 days in jail, with 280 days suspended upon successful completion of probation. Defendant notes that there is a one-year maximum sentence for driving while suspended and that ORS 137.540(2)(a) provides that a period of confinement imposed as a condition of probation cannot exceed half the maximum sentence. It follows, he reasons, that the trial court exceeded its statutory authority. The state responds that ORS 137.540(2)(a) applies only to the jail time that defendant must serve, not to the jail time that he can avoid if he adheres to the conditions of his probation. The state also argues that any error is harmless because the trial court could have imposed the same amount of jail time as a straight sentence. We review the sentence for errors of law. *State v. Slawson*, 123 Or App 573, 575, 860 P2d 876 (1993).

A trial court's sentencing discretion is limited to the boundaries prescribed by statute. *State ex rel Huddleston v. Sawyer*, 324 Or 597, 615, 932 P2d 1145, *cert den*, 522 US 994 (1997). ORS 137.540(2)(a) provides:

"(2) In addition to the general conditions, the court may impose any special conditions of probation that are reasonably related to the crime of conviction or the needs of the defendant for the protection of the public or reformation of the offender, or both, including, but not limited to, that the probationer shall:

"(a) For crimes committed prior to November 1, 1989, and misdemeanors committed on or after November 1, 1989, be confined to the county jail or be restricted to the probationer's own residence or to the premises thereof, or be subject to any combination of such confinement and

restriction, such confinement or restriction or combination thereof to be for a period not to exceed one year or one-half of the maximum period of confinement that could be imposed for the offense for which the defendant is convicted, whichever is the lesser."

In this case, defendant was convicted of a driving with a suspended license—a Class A misdemeanor that carries a maximum jail time of one year. ORS 811.182(4); ORS 161.615(1). Under ORS 137.540(2)(a), the amount of jail time that the court could impose as a condition of probation was limited to six months. When determining the amount of jail time imposed, we look at how much jail time a defendant is at risk of serving as a result of the sentence. *State v. Harding*, 116 Or App 29, 32, 840 P2d 113 (1992), *rev den*, 318 Or 26 (1993) (analyzing validity of the defendant's sentence as a condition of probation based on the amount of jail time that the defendant risked serving due to the conditions of probation). Because defendant is at risk of serving 360 days of jail time, the condition of probation that the trial court imposed exceeded its statutory authority. *Id.*

■ The state argues that the error is harmless because "the trial court could achieve precisely the same result by imposing the same period of incarceration as 'straight time,' rather than as a condition of probation." The fact, however, that the trial court might have been able to impose a lawful sentence if it had structured it differently does not excuse a sentence that, as imposed, exceeded the court's statutory authority. *See State ex rel Huddleston*, 324 Or at 615 (statutory authority necessary to impose a sentence). Moreover, we decline to speculate whether the trial court would impose the same sentence on remand. *See State v. Galvin*, 152 Or App 275, 279-80, 954 P2d 800 (1998) (holding that a 12-month probation sentence was not harmless error because the record did not indicate whether trial court would have imposed the same amount of "straight" jail time as was imposed as a condition of probation).

Remanded for resentencing; otherwise affirmed.