**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**James Edward TYNDAL, II,**
**Defendant—Appellant.**

**No. 05–30029.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2005.

Filed March 6, 2006.

Frank Noonan, Esq., Portland, OR, for Plaintiff—Appellee.

Francesca Freccero, Esq., Portland, OR, for Defendant—Appellant.

Before: GRABER and RAWLINSON, Circuit Judges, and OTERO,* District Judge.

### MEMORANDUM **

**1.** The district court properly denied Appellant James Tyndal's motion to suppress

---

* The Honorable S. James Otero, United States District Judge for the Central District of California, sitting by designation.

evidence. The initial encounter between Officer Silva and Tyndal was consensual. *See Florida v. Bostick,* 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991) ("[M]ere police questioning dos not constitute a seizure.").

**2.** "The detention of a suspect under *Terry [v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] is evaluated against a standard of reasonableness under the totality of the circumstances." *United States v. Christian,* 356 F.3d 1103, 1105 (9th Cir.2004) (citations omitted). Officer Silva was justified in asking Tyndal for his driver's license in light of the fact that Tyndal had admitted driving out of the parking lot. An initially consensual encounter may ripen into a seizure requiring reasonable suspicion. *See INS v. Delgado,* 466 U.S. 210, 215, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984). Similarly, a detention based on reasonable suspicion may ripen into a full-blown arrest sustained by probable cause. *See United States v. Thompson,* 282 F.3d 673, 679 (9th Cir.2002).

**3.** When the officers learned that Tyndal's driving privileges had been suspended, they had, at minimum, reasonable suspicion. *See* Or.Rev.Stat. § 807.570 (failing to carry or present a license is a misdemeanor); *see also* Or.Rev.Stat. § 807.580 (using a suspended license is a misdemeanor).

**4.** Driving with a suspended license in Oregon is a misdemeanor that carries jail time. *See State v. Foster,* 186 Or.App. 466, 63 P.3d 1269, 1270–71 (2003). When Officer Durbin asked Tyndal to perform some field sobriety tests, Tyndal refused. At that point, the officers had probable

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cause to search and arrest Tyndal. *See Franklin v. Fox,* 312 F.3d 423, 438, 446 (9th Cir.2002) (concluding that probable cause exists when officers possess sufficient evidence to conclude that a defendant had committed a crime).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.